UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AGGREGATE TECHNOLOGIES, INC.,<br>     Plaintiff | CIVIL ACTION |
| VERSUS | NO. 13-5893 |
| BENETECH, LLC, ET AL.,<br>     Defendants | SECTION "E" |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by defendant, Western Surety Company ("Western Surety").[1] Plaintiff, Aggregate Technologies, Inc. ("ATI"), opposes Western Surety's motion.[2]

## BACKGROUND

The United States Army Corps of Engineers ("USACE") awarded a construction contract to Benetech, LLC ("Benetech") for the OSP 08 Pump Stations in New Orleans, Louisiana (the "Project"). Because the Project involved a public work, Benetech and Western Surety executed a payment bond as required by 40 U.S.C. § 3131, *et seq.* (the Miller Act) "for the benefit of all persons supplying labor and materials in the prosecution of work provided in the contract."[3]

Benetech awarded a subcontract to ATI for "wall sawing, core drilling and roof removal" at the Project.[4] Upon commencing work, ATI encountered various obstacles to

---

[1] R. Doc. 21.

[2] R. Doc. 29.

[3] R. Doc. 1, p. 3.

[4] R. Doc. 1, p. 4.

1

drilling on the Project. Ultimately, the Project was not completed as planned and ATI drilled only 86 of 1600 total holes. ATI filed suit against Western Surety and Benetech, alleging ATI performed its obligations under the subcontract, yet Benetech failed to pay ATI in the amount of $375,454.80 for labor, equipment and materials ATI supplied to the Project.[5] ATI claims it is a beneficiary of the payment bond and Western Surety is obligated to pay ATI the labor, materials and services it furnished for the Project under the Miller Act. ATI also claims Benetech breached the subcontract agreement by failing to compensate it for work performed on the Project.

Western Surety moves for summary judgment dismissing all claims against it brought by ATI. Western Surety argues ATI has been paid for all work it performed under the subcontract and Western Surety cannot be held liable for any claims under either the subcontract or the Miller Act.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide*

---

[5] *Id.*

2

*Agribusiness Ins. Co.* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(internal quotations and citations omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence on its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id*. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id*. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id*. at 325; *see also Little* 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")(citing *Celotex*, 477 U.S. at 332).

## APPLICATION

The Miller Act creates a cause of action in favor of "[e]very person that has furnished labor or material in carrying out work provided for in a contract… that has not been paid in full." 40 U.S.C. § 3133(b)(1). The Act allows a subcontractor to "bring a civil action on the payment bond for the amount unpaid" against the surety. *Id*. The liability of a surety on a Miller Act payment bond is coextensive with the contractual liability of the general contractor "only to the extent that it is consistent with the rights and obligations created under the Miller Act." *U.S. for Use and Benefit of Walton Technology, Inc. v. Weststar Eng'g, Inc.* 290 F.3d 1199, 1206 (9th Cir. 2002). "As a general matter, a surety's liability is defined by the liability of the underlying contract. This is true for a Miller Act surety with the exception that this rule cannot, of course, conflict with the actual terms of the Miller Act." *Morganti Nat'l, Inc. v. Petri Mech. Co.*, 2004 WL 1091743, at *11 (D.Conn. 2004).

Western Surety asserts the subcontract between Benetech and ATI was a "unit-price" contract and ATI has been paid in full based on each hole ATI was actually able to drill. Western Surety argues ATI's additional requests for payment are not supported by the terms of the subcontract and Western Surety does not owe ATI those additional sums. In response, ATI argues Western Surety's characterization of the subcontract as a "unit-price" agreement is incorrect and ATI contends the Miller Act allows it to recover additional costs associated with delays in the Project.

4

The facts are in dispute with respect to most all of the factual issues to be decided in this case, including but not limited to whether the ATI subcontract was a "unit price" agreement, whether the subcontract was "shut down" or terminated for convenience or "descoped," what work was completed by ATI, which provisions of the ATI subcontract apply, whether ATI complied with its subcontract provisions with respect to differing site conditions, whether equipment ordered by ATI was customized, and the amount of damages suffered by ATI, if any.[6] Accordingly, Western Surety has not carried its burden of showing there are no disputed issues of material facts which would entitle it to judgment as a matter of law.

## CONCLUSION

**IT IS ORDERED** that Western Surety's Motion for Summary Judgment be and hereby is **DENIED**.

New Orleans, Louisiana, this 18th day of July, 2014.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] See R. Doc. 29, ATI's Statement of Contested Material Facts in response to Western Surety's Motion for Summary Judgment; R. Doc. 30-1, Western Surety's response to ATI's Statement of Uncontested Material Facts in support of its Motion for Summary Judgment; and R. Doc. 31-1, Benetech's Response to ATI's Statement of Uncontested Material Facts in support of its Motion for Summary Judgment.