UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AGGREGATE TECHNOLOGIES, INC., <br>     Plaintiff | CIVIL ACTION |
| VERSUS | NO. 13-5893 |
| BENETECH, LLC, ET AL., <br>     Defendants | SECTION "E" |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by plaintiff, Aggregate Technologies, Inc. ("ATI").[1] Defendants Western Surety Company ("Western Surety") and Benetech, LLC ("Benetech") each filed an opposition to ATI's motion.[2] ATI filed replies to Western Surety's opposition[3] and to Benetech's opposition.[4]

## BACKGROUND

The United States Army Corps of Engineers ("USACE") awarded a construction contract to Benetech for the OSP 08 Pump Stations in New Orleans, Louisiana (the "Project"). Because the Project involved a public work, Benetech and Western Surety executed a payment bond as required by 40 U.S.C. § 3131, *et seq.* (the Miller Act) "for the benefit of all persons supplying labor and materials in the prosecution of work provided in the contract."[5]

Benetech awarded a subcontract to ATI for "wall sawing, core drilling and roof

---

[1] R. Doc. 25.

[2] R. Doc. 30; R. Doc. 31.

[3] R. Doc. 35.

[4] R. Doc. 37.

[5] R. Doc. 1, p. 3.

1

removal" at the Project.[6] Upon commencing work, ATI encountered various obstacles to drilling on the Project. Ultimately, the Project was not completed and ATI drilled only 86 of 1600 total holes. ATI filed suit against Western Surety and Benetech, alleging ATI performed its obligations under the subcontract, yet Benetech failed to pay ATI in the amount of $375,454.80 for the labor, equipment and materials ATI supplied to the Project.[7] ATI claims Western Surety is obligated under the Miller Act and the payment bond to pay ATI the labor, materials and services it furnished for the Project. ATI also claims Benetech breached the subcontract agreement by failing to compensate ATI for work performed on the Project.

ATI moves for partial summary judgment (1) that it is "entitled to recover its increased costs for labor and materials associated with delays due to unforeseen conditions and extra work [it] performed" caused by differing site conditions and (2) that its costs for certain drilling equipment are subject to coverage under the Miller Act payment bond as "materials." Benetech and Western Surety oppose ATI's motion, arguing ATI is not entitled to any increased costs resulting from delays and unforseen site conditions because ATI failed to comply with the subcontract's requirements for adjustments based on differing site conditions. Benetech and Western Surety also argue ATI's request for compensation for the drilling equipment contradicts the terms of the subcontract because the cost of all equipment was included in the unit-price for the Project for which ATI was already paid.

---

[6]R. Doc. 1, p. 4.

[7]*Id.*

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(internal quotations and citations omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence on its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of

proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id*. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id*. at 325; *see also Little* 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")(citing *Celotex*, 477 U.S. at 332).

## APPLICATION

ATI asserts it encountered unforseen site conditions including steel, wood, and utility lines in the walls of the pumps it was to drill at the Project.[8] As a result, ATI alleges it incurred additional expenses attempting to drill through these obstacles.[9] ATI asserts it submitted invoices to Benetech for the increased costs associated with the unforseen conditions but Benetech and Western Surety refuse to pay ATI for these additional costs.[10] ATI argues the undisputed facts show ATI it is entitled to be compensated for its increased costs associated with delays on the project. In their oppositions, Western Surety and

---

[8] R. Doc. 25-5, p. 5. Affidavit of Ronnie Wills.

[9] R. Doc. 25-5, p. 6. Affidavit of Ronnie Wills.

[10] R. Doc. 25-5, p. 6. Affidavit of Ronnie Wills.

Benetech point to the Rule 30(b)(6) deposition of Benetech's corporate representative, in which Benetech asserts ATI's delay was caused (at least in part) by ATI's choice to deviate from the Project's specifications and use an electric drill.[11].

ATI also seeks summary judgment that it is entitled to recover the costs of certain drilling equipment from Western Surety and Benetech. ATI asserts the drilling equipment falls within the definition of "materials" so as to make its costs recoverable against Western Surety and Benetech under the subcontract and the Miller Act. *See* 40 U.S.C. § 3133(b)(1). Western Surety and Benetech argue the subcontract agreement was a unit-price contract and thus the contract price included the drilling equipment at issue.

The facts are in dispute with respect to most all of the factual issues to be decided in this case, including but not limited to whether the ATI subcontract was a "unit price" agreement, whether the subcontract was "shut down" or terminated for convenience or "descoped," what work was completed by ATI, which provisions of the ATI subcontract apply, whether ATI complied with its subcontract provisions with respect to differing site conditions, whether equipment ordered by ATI was customized, and the amount of damages suffered by ATI, if any.[12] Accordingly, ATI has not carried its burden of showing there are no disputed issues of material facts which would entitle it to judgment as a matter of law.

---

[11] R. Doc. 30-7, pp. 69-70.

[12] *See* R. Doc. 30-1, Western Surety's response to ATI's Statement of Uncontested Material Facts in support of its Motion for Summary Judgment, and R. Doc. 31-1, Benetech's Response to ATI's Statement of Uncontested Material Facts in support of its Motion for Summary Judgment.

## CONCLUSION

Accordingly, **IT IS ORDERED** that ATI's Motion for Partial Summary Judgment be and hereby is **DENIED**.

New Orleans, Louisiana, this 18th day of July, 2014.

                                                  _____
                                                              **SUSIE MORGAN**
                                                  **UNITED STATES DISTRICT JUDGE**